IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>ALISHA REAL ESTATE, LLC, BAY PROPERTY MANAGEMENT GROUP PHILADELPHIA, and<br>BAY MANAGEMENT GROUP, LLC d/b/a AND/OR A/K/A BAY PROPERTY MANAGEMENT GROUP<br><br>*Defendants.* | CIVIL ACTION<br>NO. 2:23-CV-01281 |

**PAPPERT, J.**                                                                           September 7, 2023

**<u>MEMORANDUM</u>**

Mesa Underwriters Specialty Insurance Company ("MUSIC") insures Alisha Real Estate, LLC under a commercial general liability policy. In September 2022, a tenant in one of Alisha's buildings sued Alisha and its related entities in the Philadelphia Court of Common Pleas over injuries the tenant sustained in a fall on the building's stairs. MUSIC is defending Alisha and the related entities in that case, subject to a reservation of rights.

MUSIC filed this lawsuit seeking a declaration that it has no duty to defend or indemnify Alisha in the state court action based on the Habitability Exclusion in its policy. Shortly thereafter, Alisha filed its own declaratory judgment action in the common pleas court against MUSIC, also alleging claims against the broker who sold it the policy. Alisha, Bay Property Management Group Philadelphia and Bay Property

1

Management Group, LLC (collectively "BMG") move to dismiss, or in the alternative stay, MUSIC's declaratory action in favor of their state court suit.

Because there is a parallel state proceeding that "militates significantly in favor of declining jurisdiction" and "meaningful consideration" of the *Riefer* factors does not change that determination, *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144–45, 146 (3d Cir. 2014), the Court exercises its discretion under the Declaratory Judgment Act to decline jurisdiction. The Court grants Alisha and BMG's motions and dismisses the case.

I.

The coverage dispute precipitating MUSIC's lawsuit arose when Patricia Thompson fell down the stairs at a Philadelphia apartment owned by Alisha. (Compl. ¶¶ 26-31, ECF No. 1). Thompson's injuries required surgery and she subsequently developed an infection that led to the loss of her right leg, below the knee. (*Id.* at ¶¶ 24–25). Thompson sued Alisha and Bay Property Management Group, alleging she fell because the stairwell had no railing. (*Id.* at ¶ 20). Alisha notified MUSIC, its general liability insurer, about the incident.

On April 3, 2023, MUSIC filed this declaratory judgment action claiming it has no duty to defend or indemnify Alisha because Thompson's allegations fall within the policy's Habitability Exclusion, which provides:

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" that, in whole or in part, arises out of or is in any way related to the "uninhabitability" of the premises, site, or location, including any structure(s) contained thereupon. This exclusion applies regardless of whether "uninhabitability" is the proximate cause of the "bodily injury," "property damage," or "personal and advertising injury."

> By way of example, and without limitation, a premises, site, or location, including structure(s) contained thereupon, is uninhabitable if it fails to meet the applicable requirements set forth in one or more of the following:
>
> (a) Civil Codes;
> (b) Health and Safety Codes;
> (c) Any Housing and Urban Development;
> (d) Rent stabilization laws and ordinances;
> (e) Federal, state, or local Section 8 (government subsidized) or programs;
> (f) Any administrative rules or regulations pertaining to any of the foregoing, including, but not limited to those promulgated by local municipalities; or
> (g) Actual or constructive wrongful eviction arising from (a) through (f) above.

(*Id.* at ¶¶ 27, 35). Thompson alleges her injuries resulted from violations of the Philadelphia Property Maintenance Code, given the absence of a railing in the stairwell. (*Id.* at ¶ 24).

A month after MUSIC filed this lawsuit, Alisha filed a declaratory judgment action in common pleas court asserting that MUSIC is required to defend and indemnify it in the Thompson litigation. Alisha also asserts negligence and breach of contract claims against the broker that sold it the MUSIC policy. (Mot. To Dismiss at 9, ECF No. 9). The claims against the broker are predicated on the policy's sufficiency and are contingent upon the outcome of the coverage dispute: If the Habitability Exclusion applies, Alisha will pursue, and the state court would adjudicate, the claims against the broker. But if the Habitability Exclusion is found not to apply, there will no longer be a basis for the claims against the broker and they will presumably go away. Alisha argues here that the Court should dismiss MUSIC's declaratory judgment action and allow the Philadelphia Court of Common Pleas to decide the coverage dispute along with the claims against the broker. (*Id.*) In the alternative, Alisha seeks to stay this action until the state action is complete. BMG also filed a motion to dismiss, incorporating Alisha's motion by reference. (ECF No. 10).

II.

Alisha and BMG contend that dismissal of MUSIC's federal declaratory judgment action is appropriate both under the *Colorado River* doctrine of abstention and through this Court's discretion under the Declaratory Judgment Act. Because the Court declines to exercise its jurisdiction under the Declaratory Judgment Act, it need not address the abstention argument.

A.

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. "The Supreme Court has long held that this confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer*, 751 F.3d at 134 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). "[S]uch discretion is founded on considerations of practicality and wise judicial administration." *Id.* at 149 n.25. "The central question is whether the controversy may 'better be settled' in the state court." *United States v. Pennsylvania Dep't of Envtl. Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991).

While this Court's discretion is "substantial," it is nonetheless "bounded and reviewable." *Reifer*, 751 F.3d at 140. The Third Circuit has established a non-exhaustive list of factors to consider when deciding whether to exercise jurisdiction over declaratory judgment actions. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017). First, courts must determine whether there is a parallel state proceeding. *Id.* at 282 (quoting *Reifer*, 751 F.3d at 144). Second, courts should give "meaningful consideration" to the *Reifer* factors. *Id.* at 282–83 (quoting *Reifer*, 751 F.3d at 146).

1.

Courts consider the factors discussed by the Supreme Court in *Brillhart*, 316 U.S. 491, in determining whether there is a parallel state proceeding. *Kelly*, 868 F.3d at 282. This is a significant, though not dispositive inquiry; the existence of pending parallel state proceedings "militates significantly in favor of declining jurisdiction" whereas the absence of a pending parallel state proceedings "militates in favor of exercising jurisdiction." *Id.* (quoting *Reifer*, 751 F.3d at 144–45).

State court proceedings are parallel if there is "substantial similarity in issues and parties between contemporaneously pending proceedings." *Id.* at 282. Parallel proceedings are pending matters "involving the same parties and presenting [the] opportunity for ventilation of the same state law issues." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000). Relevant factors include: the scope of the pending proceeding, the nature of the defenses, and whether necessary parties have been joined. *Brillhart*, 316 U.S. at 496. Furthermore, proceedings are not parallel merely because they have the *potential* to dispose of the same claims. *Kelly,* 868 F.3d at 283 (emphasis added). Rather, the same issues and claims must already be raised in both state and federal court. *Id.*

Alisha's lawsuit in the Philadelphia County Court of Common Pleas is a parallel state action. Here, MUSIC seeks a declaration that it has no duty to defend or indemnify Alisha in the Thompson litigation, while Alisha seeks a state court determination of the same question in its favor. Alisha, BMG and MUSIC are all parties to the common pleas court case. (*See* Mot. to Dismiss at 5, ECF 9). The only issue here—whether MUSIC has a duty to defend or indemnify Alisha—is currently

before the state court. This is not a case where the issue of insurance coverage "could arise." *See Kelly*, 868 F.3d at 283.

The parties need not be identical for the actions to be parallel. *See Kelly*, 868 F.3d at 284 n.8 ("Strict identity between parties and claims is not necessary for pending proceedings to be substantially similar . . . 'substantial similarity' only means that the parties involved are closely related and that the resolution of an issue in one will necessarily settle the matter in the other."). The insurance broker is a party in the state court case, though not in this one. This does not mean the two actions are not parallel. The key question is whether the parties in the federal action are also parties to the state court action and can represent their interests there. *See id.* Alisha, MUSIC and BMG are all parties to the state court action and can litigate the coverage issue in the Philadelphia Court of Common Pleas.

2.

While the existence of a parallel state proceeding "militates significantly in favor of declining jurisdiction," it does not end the analysis. *See id.* at 282. Courts must also give "meaningful consideration" to the *Reifer* factors:

(1) The likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) The convenience of the parties;

(3) The public interest in settlement of the uncertainty obligation;

(4) The availability and convenience of other remedies;

(5) A general policy of restraint when the same issues are pending in a state court;

(6) Avoidance of duplicative litigation;

6

    (7) Prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and

    (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope to a policy exclusion.

*Reifer*, 751 F.3d at 146. As applied to this case, one factor weighs in favor of retaining jurisdiction, but most weigh in favor of declining jurisdiction or are at most neutral.

i.

The first *Reifer* factor concerns whether this Court's declaration would bring a complete end to the controversy and avoid piecemeal litigation. *DiAnoia's Eatery, LLC v. Motorists Mutual Ins. Co.*, 10 F.4th 192, 205 (3d Cir. 2021). A declaration will likely not prevent further litigation when one or more persons have not been joined, but have an interest in the outcome or when one or more issues have not been raised, but are part of the controversy or uncertainty. *Id.* at 205–6.

In addition to its request for declaratory judgment on the coverage issue, Alisha has also sued its broker for selling it an insufficient insurance policy; and MUSIC's declaratory judgment claim is intertwined with the merits of the claims against the broker. The broker is not a party to this case, but the claims against him are contingent upon the resolution of the coverage dispute. The Court's decision on the Habitability Exclusion's scope could still leave the state court with the claims against the broker. On the other hand, the state court could resolve both issues. Thus, this factor weighs in favor of declining jurisdiction.

ii.

Second, while MUSIC prefers federal court, it would not be inconvenient to litigate in state court. Regardless of whether the case remains in federal court or state court, it will be adjudicated in Philadelphia. And given Alisha's "vigorous objection" to litigating in federal court, this factor is neutral. *See Reifer*, 751 F.3d at 141.

iii.

The third factor is the only one that weighs in favor of retaining jurisdiction. This factor requires courts to "squarely address the alleged novelty" of state law issues raised by the case. *DiAnoia's Eatery*, 10 F.4th at 207. Only novel legal questions weigh in favor of declining jurisdiction because "federal and state courts are equally capable of applying settled state law to a difficult set of facts." *Id.* at 197. Courts should not abstain from cases that can be decided by "applying familiar principles of insurance law to the language of the insurance policy." *Tumi, Inc. v. Factory Mut. Ins. Co.*, No. 21-02752, 2021 WL 4170051, at *3 (D.N.J. Sept. 14, 2021). And the guiding principles of Pennsylvania insurance law are well-settled. *See Kurach v. Truck Ins. Exch.*, 235 A.3d 1106, 1116 (Pa. 2020).

This is not a case where there is "such a paucity of authority from any Pennsylvania court . . . that predicting state law would be impossible." *DiAnoia's Eatery*, 10 F.4th at 206. Neither party alleges there are novel or unsettled state law issues. Whatever the merits of the coverage dispute, they are not grounds for dismissing the case. *See id.* at 197.

iv.

The fourth factor is neutral. State and federal courts are equally competent to provide relief in these circumstances. *Kelly*, 868 F.3d at 289. But the state court adjudicating the insurance coverage question in tandem (if necessary) with the claims against the broker will provide the most convenient resolution. *See Fireman's Ins. Co. of Washington, D.C. v. B.R. Kreider & Son, Inc.*, No. 14-6065, 2016 WL 1169569, at *7 (E.D. Pa. Mar. 24, 2016).

v.

The fifth factor—the policy of restraint—is applicable when the same issues are pending in state court between the same parties. *DiAnoia's*, 10 F.4th at 206. MUSIC seeks a declaratory judgment in federal court that it is not obligated to indemnify or defend Alisha in Thompson's lawsuit, while Alisha seeks a declaration in state court that MUSIC is required to do so. The same issues involving the same parties are pending in state court, warranting restraint.

vi.

The sixth factor asks whether a federal court adjudicating a declaratory judgment can fully resolve the dispute between the parties, or whether the dispute will continue in another forum. Deciding MUSIC's case here, should the Court find MUSIC is not required to defend or indemnify Alisha, may not fully resolve the dispute. The state court would need to adjudicate Alisha's claims against the broker. And efficiency dictates that duplicative litigation should be avoided. *See Universal Concrete Products, Inc. v. Pike Co. Inc.*, No. 17-2589, 2018 WL 347625 at *4 (E.D. Pa. Jan. 10, 2018). At

best, this factor is neutral given the possibility of additional litigation against the broker.

### vii.

The seventh factor seeks to prevent the use of the declaratory judgment action as a method of procedural fencing or to provide another forum in a race for preclusive effect. *Penn. Mut. Life Ins. Co. v. Wells Fargo Bank, N.A.*, 336 F. Supp.3d 474, 482 (E.D. Pa. 2018). MUSIC agreed to defend or indemnify Alisha in Thompson's lawsuit under a reservation of rights, but selected a federal forum for this coverage dispute. (Def's Reply Br. in Supp. Mot. To Dismiss, ECF No. 14, at 9). While MUSIC could have intervened in Thompson's action or sought a declaratory action in state court, it was not required to do so. *See Admiral Ins. Co. v. Snap Transloading, LLC*, No. 21-103, 2022 WL 3025873, at *4 (D.N.J. Aug. 1, 2022). This factor is neutral.

### viii.

The eighth factor is neutral because any inherent conflict of interest between MUSIC's duty to defend Alisha in Thompson's state court lawsuit and MUSIC's contention here that Thompson's allegations are subject to the Habitability Exclusion would be the same whether litigated in state or federal court, *see Foremost Insurance Co. v. Nosam, LLC*, No. 17-02843, 2018 WL 417035, at *3 (E.D. Pa. Jan. 12, 2018), making this factor is neutral.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.